WILLIAM F. WOODS, Judge.
This is a suit for rent and the defendant appeals from a judgment in favor of the plaintiff in the sum of $320.00, plus legal interest from judicial demand and attorney’s fees.
By written agreement dated September 12, 1958, the defendant originally leased a -furnished apartment at 1905 S. Carrollton Avenue from the Carondelet Realty Corporation, owner of the apartment building, which property was subsequently acquired by the plaintiff under an act of exchange dated January 2, 1959. The original lease was for a term of twelve months beginning October 1, 1958, at a monthly rental of $75.00, and contained a provision with reference to an increase in rent requiring the lessor to serve the lessee with a written notice of the intention to increase the rent not less than ninety days prior to the termination of the lease. The lease further provided that failure of the tenant to notify the landlord in writing, not less than sixty days prior to the expiration of the lease, of his intention to accept or reject the increase would automatically renew the lease for one year at the increased rental.
The plaintiff testified that by a form letter dated June 29, 1959, he notified the defendant that the rent would be increased $5.00 per month beginning October 1, 1959, to which the defendant did not indicate his acceptance or rejection in writing; and, in fact, did not contact the plaintiff until September 29, 1959. Although the defendant denied ever receiving this notice, the trial judge obviously was of the opinion he did receive it.
The defendant maintained his occupancy of the apartment at the increased rental rate of $80.00 per month through the month of June, 1960, at which time he vacated the premises after sending a check in full payment of his rent in the amount of $70.00, representing the rental of $80.00 less a $10.00 deposit. This offer was refused and the check returned by the plaintiff, who subsequently instituted this suit for the rental due for the month of June through September, 1960.
The defendant maintains he entered into an oral agreement with the plaintiff on September 29, 1959, to continue the lease on a month-to-month basis, and, therefore, owes only one month’s rent for the month of June, 1960. The trial judge was evidently of the opinion that no such agreement was ever made.
*479 The issues in the case are whether or not the trial judge ruled correctly on the two questions of fact presented, and also whether the reconduction provision stated above can be enforced by the plaintiff’s lessor.
Having heard the witnesses testify, the trial judge was naturally in a much better position to weigh and evaluate their testimony. Reading of the record does not indicate the rulings of the trial judge were manifestly erroneous.
The lease provision is clear and unambiguous and is not in violation of any law. As has been said before, as parties bind themselves in their written agreements, so shall they stand bound.
Therefore, the judgment of the lower court is affirmed at appellant’s cost.